WALSH *vs.* WELLS.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
OF THE SEVENTH PRESIDING.

The holder of a promissory note, payable to order, and endorsed in blank
by the payee, is entitled to recover on it; it being in the nature of a note
payable to bearer.

A claim on a commercial firm, cannot be pleaded in compensation, or set
off to a demand by one of the partners, against the defendant.

This action is instituted on the following promissory note,
signed by the defendant:

" Alexandria, April 2d, 1826."

" On the first day of January next, I promise to pay, to
the order of James Armor, eight hundred and twelve dollars,
value received, payable at the Bank of Orleans."

" Montford Wells,"

*Endorsed.*    " James Armor,"
" *per pro* Samuel P. Morgan."
" John Walsh."

The note was duly protested for non-payment,

The record shows, that in March, 1830, Samuel P. Morgan
brought suit on this note, against the present defendant. The
latter excepted to the action, alleging that Morgan was dead
at the inception of the suit. In April term, 1830, the suit
was dismissed, it appearing the plaintiff was dead.

At the April term, 1831, the present suit was instituted,
in the name of the present plaintiff, who appears to have
endorsed the note, in the name of S. P. Morgan, as his
attorney in fact. He alleges in the petition, that *said note
was endorsed to him by the said Armor, previous to the maturity
thereof*; he prays judgment for the amount of the note, with
legal interest and costs.

43

WESTERN DIST.
October, 1834.

WALSH
vs.
WELLS.

The defendant denies, that the plaintiff is the owner of the note sued on, but that it belongs to the late firm of S. P. Morgan & Co., and prays to be dismissed. He further charges, that the firm of S. P. Morgan & Co., to whom the note belongs, owes him one thousand four hundred and thirty dollars, for a note of Robert Martin and James Bowie, dated 17th January, 1826, payable one year after date, which the said firm, then holding his note, received to collect and account for to him, but which they have failed to do, so that they have become liable to him for the amount thereof. He prays that the demand be rejected, and that the plaintiff be ruled to answer *on oath*, whether the firm of S. P. Morgan & Co., was not composed of S. P. Morgan and John Walsh, the present plaintiff? He alleges, that the plaintiff was a member of said firm, and bound *in solido*, to account for said note to him.

At the April term, 1832, the court ordered the interrogatory set up in the answer, *to be answered.* At the spring term, in 1833, no further steps having been taken in this cause, judgment was rendered in favor of the plaintiff, for the amount of the note sued on, with interest and costs.

The receipt of *S. P. Morgan & Co.*, dated March 17th, 1828, for Martin & Bowie's note of one thousand four hundred and thirty dollars, was offered in evidence by the defendant, in which they say, "*when collected, we promise to account for, to Mr. Montford Wells.*" The plaintiff's counsel objected to the admission of this paper, in evidence, but it was received by the court, and a bill of exceptions taken to its admission. The plaintiff had judgment for the amount claimed, rejecting the demand set up in the defence. The defendant appealed.

*Thomas,* for the plaintiff.

1. This suit is brought on a promissory note, payable to order, and endorsed in blank. Suit was first instituted by S. P. Morgan, a member of the firm of Morgan & Co., to whom it was transferred by the endorsement. Morgan died, and the suit was dismissed. The present holder now seeks to recover on it.

2. The present plaintiff is entitled to recover, as the legal and *bonâ fide* holder of the note, which being negotiable and endorsed in blank, passed into his hands by delivery.

*Boyce, contra.*

1. The plaintiff cannot maintain his action on this note, when the evidence shows it is the property of Morgan & Co. Morgan, it is shown, died before the transfer, and no legal transfer has been made of it since.

2. Walsh, the present plaintiff, should have sued as surviving partner of Morgan & Co., and not in his individual right. Not being the owner of the note, he cannot recover.

3. The note of Martin & Bowie, which Wells gave to Morgan & Co., and now set up in compensation and reconvention, must be accounted for, and allowed as an offset to the plaintiff's demand.

*Thomas*, in reply, contended that the blank endorsement of Armor, to whom the note was made payable, authorised the plaintiff to sue in his own name. He had the right to strike out the endorsement of S. P. Morgan & Co., and fill up the endorsement to himself.

2. The holder of a promissory note, endorsed in blank, who is not alleged to be in the wrongful possession of it, may fill up the endorsment to himself, and sue in his own name. The plaintiff then has an undoubted right to recover.

*Martin, J.*, delivered the opinion of the court.

The defendant resists the plaintiff's action on a promissory note, by a denial of his right to sue, and on an allegation, that he had a claim on a commercial firm, of which the plaintiff was a member, for the amount of a note, which he had given for collection, and which was unaccounted for. He contends the amount of this note must be allowed, in compensation of the note sued on.

The plaintiff had judgment, and the defendant appealed.

WESTERN DIST.
*October*, 1834.

WALSH
*vs.*
WELLS.

The holder of a promissory note, payable to order, and endorsed in blank by the payee, is entitled to recover on it; it being in the nature of a note payable to bearer.

In support of the first ground of defence relied on, the defendant refers to the blank endorsement, made by the plaintiff, as attorney in fact of Morgan, and to the record of a suit brought by Morgan, on the note now sued on.

The note was endorsed in blank, by Armor the payee. It is therefore clear, the plaintiff being the holder of the note thus endorsed, may sue for and claim its amount, as that of a note payable to bearer, and claim under the first endorser, who is the payee of the note.

His subsequent blank endorsement, could have no other effect, than to authorise the holder to fill it up as he pleased, or treat the note as one payable to bearer. Banks require the blank endorsement of those who offer notes for discount, or which are deposited therein for collection; and it never was pretended, that such an endorsement was evidence of a transfer of property in the note, until it was delivered, or the endorsement filled up.

The record of the suit brought by Morgan, shows that that suit was dismissed. There is, therefore, nothing in what is offered to prevent the present plaintiff from urging his possession of the note, with a blank endorsement, as evidence of his right of action thereon.

A claim on a commercial firm cannot be pleaded in compensation or setoff to a demand by one of the partners against the defendant.

The other means of defence, cannot avail the defendant. He cannot urge a claim, on a firm of which the plaintiff was a member, in defence of the individual claim of the latter; because a claim on a firm, cannot be offered in compensation of that of one of its members.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.